Argued and submitted November 16, 1984, reversed, referee's order reinstated
May 1, 1985

## GROSHONG,
*Petitioner,*

*v.*

## MONTGOMERY WARD COMPANY et al,
*Respondents.*

(81-05961; CA A31287)

698 P2d 998

Edward J. Harri, Albany, argued the cause for petitioner. On the brief were J. David Kryger and Emmons, Kyle, Kropp, Kryger & Alexander, Albany.

Cynthia S. C. Shanahan, Portland, argued the cause for respondents. With her on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In this workers' compensation case, claimant seeks judicial review of an order of the Workers' Compensation Board that reduced a referee's permanent partial disability award from 60 percent to 35 percent. Her principal argument is that the Board erred in admitting documentary evidence offered by the employer after hearing. We reinstate the referee's award.

Extensive repetition of the facts would not aid bench or bar. *See Hoag v. Duraflake,* 37 Or App 103, 585 P2d 1149, *rev den* 284 Or 521 (1978). Suffice it to say that claimant suffers significant impairment from a back injury suffered while in respondent's employ. The injury has required two lower back surgeries.

The referee, who heard claimant testify about the extent of her disability and found her to be a credible witness, awarded her 60 percent permanent partial disability. Respondent then sought Board review. Attached to its brief to the Board were materials from the *Dictionary of Occupational Titles,* often called "DOT." Claimant made timely objection to consideration of the DOT materials. The Board overruled the objection. We set out its opinion at some length:

"In its brief, the employer has discussed the disability rating guidelines found at OAR 436-65-600, *et seq.,* has included photocopied pages from the *Dictionary of Occupational Titles,* 4th Edition, 1977, and has discussed Appendix A of Selected Characteristics of Occupations defined in the *Dictionary of Occupational Titles* (1981). The latter two sources have been used to justify the figures the employer uses in its application of the disability rating guidelines.

"Claimant has moved to strike the employer's brief, stating that the employer has improperly supplied the Board with evidence that was not submitted at hearing. *See generally* ORS 656.295(5). Claimant states that the photocopied pages which show the job descriptions of 'sales clerk' and 'stock clerk' were not introduced as evidence at hearing and, therefore, it is improper for the Board to consider such 'evidence' on review. We deny claimant's motion to strike.

"The federal publication entitled *Dictionary of Occupational Titles,* 4th Edition, 1977, is a resource regularly used by the Workers' Compensation Board and the Workers' Compensation Department as an aid in determining the extent of

permanent disability. The Employment Division has available a computer printout which has broken down each one of the job descriptions found in the *Dictionary of Occupational Titles* into various categories. Three of the most regularly used categories are those which determine the specific vocational preparation (SVP) required for a particular job, the general education development (GED) required for a particular job and the strength (STR) required for a particular job. The numerical values assigned in those categories are then applied to the appropriate rules at OAR 436-65-600, *et seq.* which, in turn, yield a number which aids in arriving at a figure indicating the claimant's disability. By supplying the Board with job descriptions from the *Dictionary of Occupational Titles* (which the employer felt reflected the job claimant was performing at the time of her injury), the employer is providing no more information than the Board itself would have relied on in the regular course of its duties.

"In another case, *Thomas C. Whittle,* WCB Case No. 80-05189, 36 Van Natta ____ (decided this date), we discussed the subject of offical notice by the Board in the context of extra-record medical texts. We held that, to the extent we would ever consider such extra-record material as substantive evidence, we would only do so where the material facts in question were capable of certain verification or not subject to reasonable dispute. *See also* ORS 40.065(2); *Dennis Fraser,* 35 Van Natta 271 (1983).

"We regularly refer to the *Dictionary of Occupational Titles, and we generally cite it in our orders when we have relied upon it as substantive evidence. In effect it has become a standard reference that we use in evaluating permanent disability.* We consider the information contained in the *Dictionary of Occupational Titles* to constitute facts which are 'capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy.' McCormick, *Handbook of the Law of Evidence,* 763 (2d ed. 1970). Accordingly, the *Dictionary of Occupational Titles* is properly subject to official notice by the Board as a standard reference in evaluating permanent disability.

"Whether or not we agree that the employer has supplied the *most appropriate* job descriptions found in the *Dictionary of Occupational Titles* is another matter. However, in this case, we do agree with the insurer that claimant's job at the time of her injury appears to have been a combination of sales clerk and stock clerk found in the *Dictionary of Occupational Titles* at 290.477-014 and 222.387-058. We have utilized the

computer analysis of those jobs in the SVP, GED and STR categories as an aid in the evaluation of the extent of claimant's permanent disability. Similarly, we see no problem with the employer's discussion of Appendix A of the Selected Characteristics of Occupations defined in the *Dictionary of Occupational Titles*. This appendix explains the categories that are broken down in the Employment Division computer printout.

"In conclusion, we are denying claimant's motion to strike because the *Dictionary of Occupational Titles* and Appendix A of Selected Characteristics of Occupations defined in the *Dictionary of Occupational Titles* are essential resources in interpreting the guidelines set out at OAR 436-65-600, *et seq.* Since those resources are regularly used by the Workers' Compensation Board, as well as the Workers' Compensation Department, we do not find it inappropriate that the employer discussed these resources without having formally admitted them into evidence at the hearing. The employer presented this material as part of its appellant's brief, and claimant had the opportunity to respond. Accordingly the procedural requirements discussed in *Dennis Fraser, supra,* have been met." (Emphasis supplied.)

■        Review by the Board is statutorily limited to evidence found in the record from the hearing below. ORS 656.295(5). We have held that the Board has no authority to hear "additional evidence not admitted at the hearing and not a part of the record." *Gallea v. Willamette Industries,* 56 Or App 763, 768, 643 P2d 390 (1982). As noted in *Gallea,* under ORS 656.295(5) the Board is limited to remanding to the referee for further evidence taking if the case has been improperly, incompletely or otherwise insufficiently developed.

Respondent has offered two justifications for the Board's use of the DOT. First, it argues that DOT is not evidence but, rather, a part of "the law of the Oregon Workers' Compensation System as embodied within the Oregon Administrative Rules." That is not correct; there is no reference to the DOT in the rules, much less specifically in OAR 436-65-608, on which respondent relies.[1]

Second, respondent relies on the Board's approach of

---

[1] By noting that the DOT has not been adopted by rule, we do not decide whether it could (or should) be.

taking official notice of the DOT. The Board's order states that it was taking official notice of the DOT as substantive evidence of facts capable of certain verification or not subject to reasonable dispute. The Board's order then goes on to categorize claimant on the basis of the DOT and mechanically apply calculations based on this reference to the guidelines for determining disability found in OAR 436-65-600 *et seq.*

Respondent cites *Bend Millwork v. Dept. of Revenue,* 285 Or 577, 592 P2d 986 (1977), which discusses judicial notice, to support the Board's use of the DOT. The Supreme Court did say there that notice of special dictionaries giving the "true significations" of words "used in those fields of thought and endeavor which we descibe as being 'scientific,' especially in the mathematical sciences" was proper. 285 Or at 583. The court cautioned, however, that, "[a]s we leave those fields, * * * self-restraint must be exercised in order to avoid the taking of evidence from a source not subject to confrontation and cross-examination." 285 Or at 584. Considering the reliance placed on DOT by the Board, going beyond the mere definition of technical words, self-restraint regarding judicial notice in this instance would have been appropriate.

The reasoning behind limiting the Board's—or any agency's—review to the record was stated in *Rolfe v. Psychiatric Security Review Board,* 53 Or App 941, 633 P2d 846 (1981):

> "The vice of receiving these 'facts' as evidence outside of the hearing is that it deprives petitioner of an opportunity to challenge them. Without presentation at a hearing, petitioner has no way of showing that these facts—which carry much weight—either are not well founded or are not relevant to his case for some distinguishing reason." 53 Or App at 951.

We also quoted Schwartz, *Administrative Law* 358 (1976):

> " '[E]xclusiveness of the record is at the core of the right to a fair hearing. Without that principle the hearing itself can be but a sham. * * * The hearing itself becomes only an administrative town meeting rather than the adversary proceeding required by due process.' " 53 Or App 951.

The Board's action here accomplished precisely what *Rolfe* and Schwartz condemn: It accepted as pivotal facts that the claimant was given no opportunity to contest, cross-examine or refute.

■ By using extra-record evidence in the form of the DOT, the Board has substituted a further mechanical calculation for the guidelines laid down in OAR 436-65-600 *et seq.* This court has already cautioned against the too rigid application of the rules in establishing the level of permanent partial disability. *See Fraijo v. Fred N. Bay News Co.,* 59 Or App 260, 650 P2d 1019 (1982). In an effort perhaps to insure uniformity in awards, the Board's action in effect shortcircuited the hearing process mandated by law by denying claimant a chance to rebut DOT data, the application of which to her may depend on factors not foreseen by the authors of the DOT, in an adversarial hearing. If the Board believed that the case was improperly developed factually, it should have remanded for further evidence taking. ORS 656.295(5). Failing that, it was improper for the Board to take judicial notice of the DOT or otherwise to use it in deciding the case.

Rejection of the Board's approach to the evidence also leads us to reject its assessment of the extent of claimant's disability. On that point, we find the referee's decision well reasoned and persuasive. It is reinstated.

Reversed; referee's order reinstated.